CASE 54—APPORTIONMENT WARRANTS—JANUARY 24, 1899.

## City of Louisville v. Cassady, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. EVIDENCE—ASSISTANT ENGINEER.—The evidence of the assistant engineer who is not the custodian of the maps and records of the city, that such maps fail to show an establishment of the grade of the street improved prior to the making of the improvement, is not sufficient to overcome the presumption arising from

City of Louisville v. Cassady, Etc.

a production of a certified copy of the ordinance directing the improvement.

2. APPEALS—CROSS-APPEALS AGAINST PERSONS NOT PARTIES TO THE ORIGINAL APPEAL.—While a cross-appeal can not be properly taken against one not a party to the original appeal, such an appeal taken against persons who would have been proper parties to the original appeal, and to which such persons entered their appearance, will be treated as an original appeal. (City of Louisville v. Clark, &c., p. 392 of this volume.)

3. PROOF WITHOUT PLEADING.—Proof will not supply omitted averments.

H. L. STONE FOR APPELLANT, CITY OF LOUISVILLE.

1. Breed's testimony was incompetent, because he was not the custodian of the record.

2. The plea of *res judicata* barred plaintiff's action against the city of Louisville.

   Citations: Burnett's City Code, pp. 505-6, 509-510; Ky. Stats., sec. 2838.

PHELPS & THUM FOR APPELLEES, JACKSON IMPROVEMENT Co., &C.

   (Brief not in the record.)

LANE & BURNETT FOR PROPERTY OWNERS.

   (Brief not in the record.)

H. M. LANE FOR APPELLEES IN A PETITION FOR A RE-HEARING.

   Citations: Johnson v. Ferrill, 3 Ky. Law Rep., 218; City of Louisville v. Cochran, 5 Ky. Law Rep., 833; Kendall v. Thomason, 2 Ky. Law Rep., 422; Shanks v. Stephens, 6 Ky. Law Rep., 525; Bogard v. O'Brien, 14 Ky. Law Rep., 648; Cooley on Taxation, p. 180; Becker v. Henderson, 100 Ky., 456; Covington v. Matson, 17 Ky. Law Rep., 1323; Kerr v. Owensboro, 5 Ky. Law Rep., 863; Joyes v. Shadburn, 11 Ky. Law Rep., 892; Haffey v. Letcher, 9 Ky. Law Rep., 286.

W. W. THUM AND STANLEY E. SLOSS IN RESPONSE.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

This suit was instituted by the Jackson Loan & Investment Company, as assignee of J. W. Cassady, against the owners of lots numbered from 700 to 774, inclusive, sit-

uate on both sides of Jefferson street, between Clay and
Shelby, in Louisville, to collect certain apportionment war-
rants which had been issued by the city for the cost of side-
walks constructed under a contract between the city and
J. W. Cassady made pursuant to an ordinance approved
April 25, 1892.

The petition, as amended, contains the usual and neces-
sary averments, the city of Louisville being made a party
defendant to the action.

The abutting property holders in their answer
deny that prior to the passage of the ordinance
of April 25, 1892, and of the making of the con-
tract in pursuance thereof, the grade of Jefferson
street between Clay and Shelby had ever been fixed or
established by any ordinance or resolution of the general
council, or under any contract made by the city with plain-
tiffs, or that the city engineer had laid out a carriage-
way in the center of Jefferson street, between Clay and
Shelby, of the uniform width of 36 feet, and had left on
either side of this carriageway 12 feet, or any part there-
of, for a sidewalk, or that the city engineer had prepared
a map for the grade of Jefferson street between Clay and
Shelby which had been approved by the general council
of the city.

On final hearing the chancellor dismissed plain-
tiffs' petition against the abutting property holders
upon the ground that the grade of Jefferson street between
Clay and Shelby streets had not been fixed or established
by any ordinance or resolution of the general council of
the city prior to the ordinance of April 25, 1892, which
directed the construction of the sidewalks in question, and
rendered judgment in favor of appellee against the city
for the aggregate amount of the apportionment warrants

sued on; and from that judgment this appeal is prose-
cuted.

The plaintiffs filed with their original petition a copy
of the ordinance approved April 25, 1892, directing the
sidewalks on both sides of Jefferson street, between Clay
and Shelby, in front of lots numbered 700 to 774, inclusive,
to be constructed, which was signed by the mayor, and at-
tested by the clerk of the board of councilmen and the
comptroller, and also copies of the contract for the con-
struction of the work, and of the apportionment warrants
issued pursuant thereto, similarly signed and attested.

Section 4 of the act to amend the charter of the city
of Louisville, approved March 24, 1882, provides that the
cost of making sidewalks "shall be apportioned to the
front feet as owned by the parties respectively fronting
the improvement, except that each corner lot shall pay
the cost of its sidewalk intersecting." Section 6 of the
same act provides that, "in all actions to enforce liens
authorized by this act, a copy of the ordinance authorizing
the improvement or work, the contract therefor and the
apportionment warrants, attested by the clerk of the board
of councilmen, *shall be proof conclusive of the due passage,
approval and publication of the ordinance, and of the due
execution and approval of the contract and shall be prima
facie evidence of every other fact necessary to be estab-
lished by the plaintiff, in such action to entitle him to
the relief authorized by this act.*" The only testimony
offered by the lot owners to rebut the *prima facie* case
made out by these exhibits is that of Assistant Engineer
Breed, who testified that he was the acting engineer of the
city of Louisville, and had charge of the maps of the en-
gineering department of the city, and that there was noth-
ing on these maps which showed that the grade of Jeffer-

son street, between Clay and Shelby, was established by the general council prior to July 1, 1895,—some time after the work sued on had been completed.

Section 2899, Kentucky Statutes, which is a provision of the charter of the city of Louisville, provides that the comptroller of the city shall have the custody of the public records, the original rolls of ordinances of the general council, all original contracts, and such other records and documents of value which are not required to be deposited with any other officer, all of which shall be registered by numbers, dates, and contents; and, by section 2775, upon his certificate ordinances, contracts, and apportionments are made competent evidence in court.

As Assistant Engineer Breed is not made by law the custodian of the ordinances, resolutions, or original grade maps approved by the council, his testimony is wholly insufficient to rebut the legal presumption made out by the exhibits *supra* in favor of the plaintiffs; and the court erred in its judgment dismissing the plaintiffs' petition as against the abutting property holders, and giving judgment against the city.

It is insisted for these defendants that the appeal—erroneously called the "cross appeal"—granted by this court to plaintiffs in the court below against them is void, because an appellee can not complain by cross appeal against a judgment in favor of his co-appellee, and for the further reason that these parties did not file in the office of the clerk of this court a copy of the judgment which they appealed from, or comply with the provisions of section 739 of the Code, in so far as that section requires a statement.

The record shows that the abutting property hold-

ers voluntarily entered their written appearance to this appeal of the contractors, and made no objection thereto until after the case had been submitted, and after the expiration of the two years in which such appeal may be taken. The steps taken in this case in bringing the abutting property holders before the court on the appeal of plaintiffs are identical with those taken in the case of City of Louisville v. Clark (decided on a former day of the present term of this court) p. 392 of this volume, [49 S. W., 18]; and, for the reasons pointed out in the opinion rendered in that case, the abutting property holders can not avail themselves of an objection to such irregularity raised for the first time by brief on a final submission of the case on its merits. By the entry of their appearance and failure to make motion to dismiss the appeal before submission, they waived any right they may have had to object to the irregularities complained of.

It is strongly insisted by counsel that the judgment in this case should be affirmed because the exhibits filed with, and parts of, the petition show that each lot was charged with the cost of the work done and the material furnished in the construction of the sidewalks in its immediate front; that there was no apportioned cost as required by the charter.

This defense is not made or relied on in the answer filed by appellees, and there is no proof in the record, outside of the exhibits, which conduces to establish the fact contended for. It was necessary that this defense should have been pleaded, but we are unable to perceive that the exhibits referred to support the contention of appellees.

For the reasons indicated, the judgment is reversed and the cause remanded for proceedings consistent herewith.